UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARHSALL HILL BROWNING and
TERRY ANN BROWNING,

                                      CASE NO.:

    Plaintiff,


-VS-


BRIDGECREST CREDIT COMPANY, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, Marshall Hill Browning and Terry Ann Browning, by and through the undersigned counsel, and sue Defendant, Bridgecrest Credit Company, LLC ("Bridgecrest"), and in support thereof respectfully allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, --US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: "telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.      The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiffs are natural persons, and citizens of the State of Florida, residing in Hillsborough County, Florida.

10.     Plaintiffs are "consumers" as defined in Florida Statute § 559.55(8).

11.     Plaintiffs are "alleged debtors."

12.     Plaintiffs are the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant is a corporation which was formed in Arizona with its principal place of business located at 7300 E. Hampton Avenue, Suite 101, Mesa, Arizona 85209, and which conducts business in the State of Florida through its registered agent,

Corporate Service Company located at 1201 Hays Street, Tallahassee, Florida 32301-2525.

14.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     Defendant is a "creditor" as defined in Florida Statute §559.55(5).

16.     Defendant called Plaintiffs on Plaintiffs' cellular telephones approximately one hundred twenty (120) times in an attempt to collect a debt.

17.     Defendant attempted to collect an alleged debt from Plaintiffs by this campaign of telephone calls.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiffs' cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiffs will testify that they knew it was an auto-dialer because of the vast number of calls they received and because they heard a pause when they answered their phones before a voice came on the line and/or they received pre-recorded messages from Defendant.

19.     Marshall Hill Browning is the subscriber, regular user and carrier of the cellular telephone number (813) ***-4409 and Terry Ann Browning is the subscriber, regular user and carrier of the cellular telephone number (813) ***-7490, and were the called party and recipient of Defendant's calls.

4

20.     Defendant placed an exorbitant number of automated to Plaintiffs' cellular telephone numbers (813) ***-4409 and (813) ***-7490 in an attempt to collect on auto loans.  (Please see attached "Exhibit A" and "Exhibit B" representing a non-exclusive call log for each of the aforementioned cellular telephone numbers).

21.     The auto-dialer calls from Defendant were initiated from phone numbers including but not limited to 800-967-9759, 602-627-9978, 877-247-5747, 800-967-8526, 800-583-4984, 877-329-9029, 877-726-3928, 602-627-9979, and 813-227-4975, and when those numbers are called a prerecorded message answers "Thank you for calling Bridgecrest."

22.     On several occasions over the last four (4) years, Plaintiffs instructed Defendant's agent(s) to stop calling their cellular telephones.

23.     On or about March 11, 2017, Marshall Hill Browning received a call from Defendant, held the line to be connected to an agent/representative, was eventually connected Defendant's agent/representative, advised Defendant to call his home phone if they needed to reach him, and demanded Defendant cease placing automated calls to his and his wife's cellular telephones.

24.     During the aforementioned phone conversation on or about March 11, 2017 with Defendant's agent/representative, Marshall Hill Browning unequivocally revoked any express consent Defendant may had for placement of telephone calls to Plaintiffs' aforementioned cellular telephone numbers by the use of an automatic telephone dialing system and/or a pre-recorded or artificial voice.

5

25.     Each subsequent call the Defendant made to Plaintiffs' aforementioned cellular telephone numbers was done so without the "express consent" of the Plaintiff(s).

26.     Each subsequent call the Defendant made to Plaintiffs' aforementioned cellular telephone numbers was knowing and willful.

27.     Additionally, on or about April 16, 2017 due to the continued automated calls from Defendant, Marshall Hill Browning answered another call from Defendant, held the line to be connected to Defendant's agent/representative, was eventually connected to an agent/representative, and again demanded that Defendant please stop calling Plaintiffs' aforementioned cellular telephone numbers.

28.     Defendant willfully and/or knowingly harassed and abused Plaintiffs on numerous occasions by calling Plaintiffs' cellular telephones numerous times per day, even after being instructed various times to stop calling their cellular telephones.

29.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiffs' cellular telephones in this case.

30.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiffs' cellular telephones in this case, with no way for the consumer, Plaintiffs, or Defendant to remove the number.

31.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiffs; despite these individuals explaining to Defendant they wish for the calls to stop.

32.     Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

33.     Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

34.     Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

35.     Defendant's corporate policy provided no means for Plaintiffs to have their numbers removed from Defendant's call list.

36.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

37.     Not a single call placed by Defendant to Plaintiffs were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiffs.

39.     From each and every call placed without consent by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

40.     From each and every call without express consent placed by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of occupation of their cellular telephone lines and cellular telephones by unwelcome calls, making the phones

unavailable for legitimate callers or outgoing calls while the phones were ringing from Defendant's calls.

41.     From each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the cellular telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephones, which are designed to inform the users of important missed communications.

42.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock their cellular telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephones, which are designed to inform the users of important missed communications.

43.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones resulted in the injury of unnecessary expenditure of Plaintiffs' cellular telephones' battery power.

44.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones where a voice message was left which occupied space in Plaintiffs' cellular telephones or networks.

45.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones resulted in the injury of a trespass to Plaintiffs' chattel, namely their cellular telephones and their cellular telephone services.

46.     As a result of the calls described above, Plaintiffs suffered an invasion of privacy. Plaintiffs were also affected in a personal and individualized way by stress, anxiety, and frustration.

## COUNT I
### (Violation of the TCPA by Marshall Hill Browning)

47.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

48.     Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

49.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Marshall Hill Browning, respectfully demands a trial by jury on all issues so triable and judgment against Bridgecrest Credit Company, LLC, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from

further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA by Marshall Hill Browning)**

50.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

51.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

53.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

54.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff, Marshall Hill Browning, respectfully demands a trial by jury on all issues so triable and judgment against Bridgecrest Credit Company, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT III**
**(Violation of the TCPA by Terry Ann Browning)**

55.    Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

56.    Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to the Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

57.    Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or articial voice without Plaitiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Terry Ann Browning, respectfully demands a trial by jury on all issues so triable and judgment against Bridgecrest Credit Company, LLC, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the FCCPA by Terry Ann Browning)

58.    Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

59.    At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

60.    Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

61.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

62.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff, Terry Ann Browning, respectfully demands a trial by jury on all issues so triable and judgment against Bridgecrest Credit Company, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Shaughn C. Hill*

Shaughn C Hill, Esq.
FBN: 105998
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
SHill@forthepeople.com
LCrouch@forthepeople.com
JSherwood@forthepeople.com
Attorney for Plaintiff